IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VINCENT RODRIGUEZ, Individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY CUTCHALL, Individually; and GC PIZZA LLC,<br><br>Defendants. | 4:20CV3106<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint. ([Filing No. 35](#).) The motion will be granted.

## BACKGROUND

Plaintiff filed this suit on September 8, 2020, bringing a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, to recover allegedly unpaid minimum wages and overtime hours owed to himself and similarly situated delivery drivers employed by Defendants. ([Filing No. 1](#).) Plaintiff filed an Amended Complaint ([Filing No. 13](#)) on February 1, 2021 to correctly identify Defendants. Plaintiff filed a Second Amended Complaint ([Filing No. 25](#)) on March 11, 2021, which added a claim under the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §48-1201 *et seq.*.

On March 24, 2021, the Court entered a final progression order. ([Filing No. 28](#).) The progression order set May 3, 2021 as the deadline for Plaintiff to file motions to amend pleadings. The progression order set December 3, 2021 as the deadline for completing written discovery and

depositions.  Pursuant to the progression order, dispositive motions must be filed by February 11, 2022.  The trial and pretrial conference dates have not been set, but a status conference to discuss case progression is scheduled to take place on August 12, 2021.

**DISCUSSION**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15.  However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiff seeks to file a Third Amended Complaint to add claims that Defendants violated both the FLSA and NWHA by deducting uniform expenses from Plaintiff's pay.  Plaintiff claims that by deducting these expenses, Defendants lowered his and prospective class members' wages below the minimum wage.

Defendants oppose the motion arguing Plaintiff's proposed amendment is futile. Defendants contend Plaintiff's new allegation that he believes the uniform deduction lowered his pay below the minimum wage is speculative and that the proposed Third Amended Complaint does not set forth any new facts.  Defendants contend the proposed FLSA claim only provides conclusory assertions of a right to relief. Defendants also argue that Nebraska law does not preclude employers from withholding uniform expenses from employees' paychecks if the employees provide written consent.

A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. Geier v. Missouri Ethics Com'n, 715 F.3d 674, 678 (8th Cir. 2013).  However, a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). "Likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999); Sokolski v. Trans Union Corp., 178

2

F.R.D. 393, 396 (E.D.N.Y. 1998). "[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Rule 12(b)(6) ]." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012).

It is not readily apparent to the Court that amendment would be futile or that the proposed Third Amended Complaint asserts clearly frivolous claims. Plaintiff's proposed amendment provides sufficient detail regarding his new claims and the basis for these claims for purposes of amendment. Although Defendants contend Nebraska law does not prevent an employer from deducting uniform expenses from an employee's paycheck even if the result is to lower pay below the minimum wage, Defendants have not supplied any case law directing supporting this proposition. Plaintiff has, however, cited to guidance from the Nebraska Department of Labor, as well as case law outside this jurisdiction that tend to support the viability of his proposed claims. *See Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1236 (11th Cir. 2002) (listing uniform costs as items that cannot reduce wages below minimum wage). In any event, the question of whether Plaintiff's new allegations assert cognizable causes of action "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008).

Moreover, Defendants will not be prejudiced by allowing amendment at this time. Plaintiff filed his motion to amend by the deadline established in the Final Progression Order. This case is less than a year old and is in its relatively early stages. Discovery is ongoing. The deadline for the completion of written discovery and depositions is not until December 3, 2021, and the dispositive motion deadline is not until February 11, 2022. The pretrial conference and trial have yet to be scheduled. Thus, progression of this case will not be slowed by allowing Plaintiff to amend as requested.[1] Therefore, Plaintiff's motion to amend will be granted.

---

[1] Defendants also argue Plaintiff's motion should be denied because Plaintiff did not comply with NECivR 15.1. Defendants contend Plaintiff did not specify the proposed amendments, indicate whether the motion would be opposed, or confer with Defendants' counsel prior to filing the motion. The Court declines to deny Plaintiff's motion based on non-compliance with NECivR 15.1 as doing so would constitute a disproportionate remedy under the circumstances. The timing of events necessitated that the motion to amend be filed quickly and, in any event, the Court promptly learned the motion was opposed through correspondence with counsel. (Filing No. 37-2.) To the extent it was not before, Plaintiff's counsel is now aware of NECivR 15.1 and it is this Court's expectation that this rule be followed in the future.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint (Filing No. 35) is granted. Plaintiff shall file his Third Amended Complaint by July 15, 2021.

Dated this 12th day of July, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge