IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VINCENT RODRIGUEZ, Individually and on behalf of all others similarly situated; | |
| Plaintiff, | 4:20CV3106 |
| vs. | FINDINGS AND RECOMMENDATION |
| GREGORY CUTCHALL, Individually; and GC PIZZA LLC, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for FLSA Conditional Certification (Filing No. 47). For the reasons explained below, the undersigned will recommend that the motion be granted.

## BACKGROUND

Plaintiff filed this suit on September 8, 2020, bringing a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, to recover allegedly unpaid minimum wages and overtime hours owed to himself and similarly situated delivery drivers employed by Defendants. (Filing No. 1.) Generally, Plaintiff claims Defendants violated the FLSA by failing to properly reimburse delivery drivers for their vehicle expenses, which resulted in delivery drivers being paid less than minimum wage.

**DISCUSSION**

1.  **Conditional FLSA Certification**

Plaintiff now seeks to conditionally certify his FLSA claim to proceed as a collective action. Under the FLSA, a collective action may be maintained by any employee "for and on behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay minimum or overtime wages. 29 U.S.C. § 216(b). An FLSA "collective action" is different from a Rule 23 class action. *Cortez v. Nebraska Beef, Inc.*, Nos. 8:08CV90, 8:08CV99, 2008 WL 5076254, at *3 (D. Neb. Nov. 21, 2009). "In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class. By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action." *Id*. (quotation omitted).

This district generally follows a two-step process when deciding whether the named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs. *See Oliphant v. Sprint Corp.*, No. 8:18CV353, 2019 WL 2088052, at *1 (D. Neb. Apr. 26, 2019); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 496 (D. Neb. 2009). "At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms.'" *Cortez,* 2008 WL 5076254, at *4 (quoting *Parler v. KFC Corp.*, 529 F.Supp.2d 1009, 1011 (D. Minn. 2008)). The first stage is only based on the pleadings and affidavits in the record. *Cortez,* 2008 WL 5076254, at *4. Courts do not make credibility determinations or findings of fact at this initial stage. *Id*.

During the first stage, plaintiffs must present evidence "establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." *Id*. Meaning, they must come forward with something more than mere allegations. *Id*. "Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *Cortez,* 2008 WL 5076254, at *4 (quotation omitted).

The second stage or final determination is usually made after discovery is largely complete when the court is able to make "a factual determination on the similarly situated question." *Morales v. Greater Omaha Packing Co., Inc.,* 2009 WL 1650016, *3 (D. Neb. June 9, 2009) (quotation omitted). At the second stage, plaintiffs must make a stronger showing to continue to proceed on a collective basis. *Parler,* 529 F. Supp.2d at 1011. If plaintiffs fail to do so, the conditionally certified class is decertified. *Id*. The second stage is usually triggered when the defendant moves to decertify the conditionally certified class. *Id*.

In opposition to Plaintiff's motion, Defendants primarily argue that this Court should abandon this two-step conditional certification process and adopt the approach taken by the Fifth Circuit Court of Appeals in *Swales v. KLLM Transport. Services., LLC*, 985 F.3d 430, 441 (5th Cir. 2021). In *Swales*, the Fifth Circuit held that instead of adhering to the two-step conditional certification framework, a district court "should rigorously enforce [the similarity requirement] at the outset of the litigation." *Id*. at 443. However, multiple courts have expressly refused to follow *Swales. See McCoy v. Elkhart Products Corp*., No. 5:20-CV-05176, 2021 WL 510626 (W.D. Ark. Feb. 11, 2021); *Holder v. A&L Home Care Training Center*, Case No. 1:20-cv-757, 2021 WL 3400654 (S.D. Ohio Aug. 4, 2021); *Drake v. Tufts Associated HMO*, Civil Action No. 19-11876-FDS, 2021 WL 2767308 (D. Mass. Feb. 12, 2021). Defendant has not presented any persuasive reason why this Court should deviate from its well-established two-step process. Therefore, the undersigned will follow the widely used two-stage approach.

Courts employing the two-step approach that have been presented with circumstances like those presented in this case have found conditional certification appropriate. In *Bass v. PJCOMN Acq. Corp.*, Civil No. 09-cv-01614-REB-MEH, 2010 WL 3720217 (D. Colo. Sept. 15, 2010), the plaintiffs were employed by the defendants as pizza delivery drivers. The plaintiffs filed suit alleging the defendants violated the FLSA by failing to pay them and other similarly situated drivers minimum wage. The plaintiffs alleged that they were required to maintain and pay for legally-compliant cars for use in delivering pizza and that their compensation minus the costs they were required to incur resulted in payment of wages below the minimum wage. In granting the motion for conditional certification, the court found that the plaintiffs' allegations that drivers were subject to policies that resulted in the payment of wages lower than that required by the FLSA constituted substantial allegations that the putative class members were victims of a single

3

decision, policy, or plan resulting in violations of the FLSA. *Id*. at *2. *See also Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp.3d 1012 (S.D. Iowa 2016) (granting conditional certification of a pizza delivery driver's FLSA claim); *Perrin v. Papa John's Intern., Inc*, No. 4:09CV01335 AGF, 2011 WL 4089251 (E.D. Mo. Sept. 14, 2011) (same).

Likewise, Plaintiff has established a colorable basis that the putative class members are victims of a single decision, policy, or plan. Plaintiff has presented evidence of GC Pizza's policies regarding delivery drivers' job duties, pay, and vehicle requirements. The Complaint alleges Plaintiff was employed by Defendants as a delivery driver for a Domino's Pizza store. According to the documents presented to the Court, all GC Pizza delivery drivers share the same written job description and are required to provide their own vehicles and maintain auto liability insurance. (Filing No. 48-5.) Delivery drivers all have the same primary responsibility, which is to operate a motor vehicle safely. (Filing No. 48-6.) Further, delivery drivers are paid the same rate for deliveries. (Filing No. 48-3.) Also, it appears from the record Defendants have indicated they do not track delivery drivers' vehicle expenses. (Filing No. 48-7.) This evidence is sufficient to meet the standard for conditional certification.[1]

### 2. Proposed Notice

Plaintiff requests that the Court approve his proposed notice of FLSA action and opt-in consent form. (Filing Nos. 48-1 and 48-2.) Plaintiff asks that the Court order a ninety-day period for persons receiving notice to opt-in to the case. To facilitate notice, Plaintiff requests that the Court order Defendants to produce the names, last known addresses, email addresses, and dates of birth of all putative class members, along with these individuals' dates of employment and the location and number of the stores where they worked.

Defendants object to Plaintiff's proposed notice arguing that it is vague and overly broad. Defendants contend the Court should limit the proposed notice to a two-year statute of limitations period. Defendants also maintain the notice should notify potential opt-ins of the possibility that

---

[1] Defendants argue conditional certification should be denied because Plaintiff has not submitted a trial plan. However, the Court has not required Plaintiff to do so. Therefore, the undersigned finds Defendants' argument in this regard without merit.

they will be responsible for court costs and fees associated with the collective action lawsuit. Defendants further argue that the opt-in period should be limited to forty-five days.

The FLSA requires that notice to potential plaintiffs be "accurate and timely," so that potential plaintiffs can make informed decisions about whether to participate in the litigation. *Martinez*, 265 F.R.D. at 499. District courts are permitted to approve both the content and method of disseminating notice to potential class members to ensure that notices are timely, accurate, and informative, which will help prevent later disputes. *Id*. "[W]hile the court must set standards for the form and method of providing notice, it must scrupulously avoid endorsing or appearing to endorse the merits of the underlying claim." *Id*. "A court should not alter a plaintiff's proposed notice unless such alteration is necessary." *Oliphant*, 2019 WL 2088052, at *3.

Defendants contend the class definition contained in the notice is overinclusive and should be limited in time and scope. Plaintiff's proposed notice is addressed to "[a]ll current and former delivery drivers who were employed or now employed from _____, 2018 to the present." (Filing No. 48-1.) The notice also states that "[y]ou can join the case if you worked for GC Pizza in the past three (3) years as a delivery driver." (*Id*.) Defendants contend that because FLSA claims under 29 U.S.C. § 255(a) are subject to a two year statute of limitations, the timeframe in the notice should be two years. Defendants acknowledge, however, that FLSA claims for "willful violations" are subject to a three-year statute of limitations.

As stated above, the Court should only make necessary alterations to proposed notices and avoid endorsing the merits of claims when evaluating proposed notices. At this point in the litigation, it is not clear whether the alleged violation was willful. Therefore, the undersigned will not address the applicable statute of limitations and will recommend that the time frame included in the notice be three years as proposed by Plaintiff. The undersigned finds the class set out in the proposed notice sufficiently descriptive and narrow. However, for purposes of clarity, the undersigned concludes that the "To" line of the notice should be slightly modified to include the name of the employer.

The undersigned further finds that Plaintiff's proposed ninety-day opt in period is reasonable. The undersigned agrees with Plaintiff that individuals such as pizza delivery drivers

may be difficult to locate within a forty-five or even sixty-day period. *See Darrow v. WKRP Mgmt., LLC*, Civil Action No. 09-cv-01613-CMA-BNB, 2012 WL 638119, at *7 (D. Colo. Feb. 28, 2012) (stating that ninety-day opt-in period for delivery drivers was reasonable given the "potential difficulties inherent in contacting delivery drivers across several states, many of whom may no longer be employed by [d]efendants"). Moreover, Defendants have not identified any prejudice that could result from a ninety-day opt in period.

Finally, the undersigned will recommend that Defendants' request that the notice include language advising potential plaintiffs regarding attorneys' fees and costs be denied. This Court has previously rejected similar requests, noting that such advisements could discourage individuals from joining litigation. *See Martinzez*, 265 F.R.D. at 500; *Oliphant*, 2019 WL 2088052, at *4. The undersigned likewise finds that inclusion of the language proposed by Defendants could have a chilling effect on potential plaintiffs' willingness to opt-in to this litigation. Therefore, the undersigned will not recommend that this language be added to the notice.

To facilitate notice, the undersigned will also recommend that Defendants be directed to provide names, last known addresses, email addresses, and dates of birth of all putative class members, along with their dates of employment and the location and number of the store where they worked. From the parties' briefing on the matter, it does not appear that Defendants object to supplying this information.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge John M. Gerrard that:

1. Plaintiff's Motion for FLSA Conditional Certification (Filing No. 47) be granted, consistent with the provisions set forth in this Findings and Recommendation.

2. The proposed notice and consent form, as set forth in the exhibits to the motion, be approved, subject to the inclusion of the name of the employer in the "To" line as explained above.

3. Within fourteen (14) days of an entry of an order on this matter, Defendants provide Plaintiff the names, last known addresses, email addresses, and dates of birth of all putative class

members, along with these individuals' dates of employment and the location and number of the stores where they worked.

Dated this 16th day of November, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.