IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VINCENT RODRIGUEZ, Individually and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br> vs.<br><br>GREGORY CUTCHALL, Individually; and GC PIZZA LLC,<br><br>    Defendants. | 4:20CV3106<br><br>THIRD AMENDED FINAL PROGRESSION ORDER |

  THIS MATTER is before the Court on the parties' Second Rule 26(f) Report/Proposed Progression Order. (Filing No. 137.) Accordingly,

  IT IS ORDERED that the provisions of the Court's previous final progression orders remain in effect, and in addition to those provisions, progression shall be amended as follows:

1)  The trial and pretrial conference will not be set at this time. An Interim Status conference to discuss **case progression and the parties' interest in settlement** and will be held with the undersigned magistrate judge by telephone **April 6, 2023 at 3:00 p.m.** Counsel shall use the telephone conferencing instructions assigned to this case to participate in the conference. (Filing No. 17.)

2)  The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is **June 1, 2023**. Motions to compel written discovery under Rules 33, 34, 36 and 45 must be filed by **June 15, 2023**.

  **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3)  The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):  **January 17, 2023**
    For the defendant(s): **March 17, 2023**

4)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):     **January 17, 2023**
        For the defendant(s):     **March 17, 2023**

5)     The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **June 1, 2023**.

    a.   The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 20.

        The parties submitted position statements regarding the number of depositions that should be allowed in this case. Plaintiffs believe that 10 depositions are sufficient, whereas Defendants request that 30 depositions be permitted. The Court finds that more than 10 depositions should be allowed, however, the Court is uncertain whether 30 are necessary. Therefore, the number of depositions allowed will be set at 20 at this time. Should additional depositions become necessary, Defendants may raise this matter with the Court at a later time.

    b.   Depositions will be limited by Rule 30(d)(1) or Rule 30(b)(6) as applicable.

6)     The deadline for filing a motion for class certification and/or final FLSA collective action certification is **July 1, 2023**.

7)     Any motion for FLSA collective action decertification shall be filed by **July 1, 2023.**

8)     The deadline for filing motions to dismiss and motions for summary judgment is **June 1, 2023**.

9)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **May 1, 2023**.

10)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 31st day of October, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge