IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VINCENT RODRIGUEZ, individually and on behalf of all others similarly situated, | |
| Plaintiff, | 4:20-CV-3106 |
| vs. | MEMORANDUM AND ORDER |
| GC PIZZA LLC d/b/a "Domino's Pizza," | |
| Defendant. | |

The plaintiff, Vincent Rodriguez, represents himself and other similarly situated delivery drivers who were employed by the defendant, GC Pizza, LLC, to deliver Domino's Pizza between December 2018 and May 2022. Filing 42. They've alleged claims arising under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the state Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1201 *et seq.*, based on allegedly unreimbursed expenses.

This matter is before the Court on the plaintiff's unopposed motion (filing 162) related to the parties' agreement to settle (filing 163-1) the Fed. R. Civ. P. 23 class action and 29 U.S.C. § 216(b) collective action. The plaintiff's motion will be denied without prejudice because a material provision of the settlement is unenforceable for the reasons explained below. The parties have also jointly requested a status conference or hearing (filing 165). That request will be denied as moot.

Specifically, the plaintiff has requested: (1) final certification of an FLSA collective action and certification of a Nebraska class action for settlement purposes, (2) approval of the parties' collective action settlement,

(3) preliminary approval of the parties' class action settlement; (4) approval of notice to the putative claimants, and (5) a fairness hearing to be set for final approval of the class action settlement. Filing 162.

The putative class includes 1,029 delivery drivers who worked for the defendant between December 14, 2018, through May 22, 2022. Filing 163-1 at 4. The settlement agreement provides that class members will receive a check in the amount of the employee's *pro rata* share of the settlement fund, based on the number of weeks worked as a percentage of the total number of weeks worked by the entire class. The checks will be sent to *all* class members without regard for whether they opted into the § 216(b) collective action. *See* filing 163-1 at 4 (defining "Class Claims" as including all claims "arising out of or relating to" the FLSA); filing 163-1 at 9-10 (Settlement Class Members release the defendant "from all Class Claims, whether known or unknown by the Settlement Class Members"); filing 163-2 at 4.

The settlement and corresponding proposed notice purport that in exchange for these payments, *all* class claims arising under state or federal law, including claims arising under the FLSA, will be extinguished, even if class members did not opt into the § 216(b) action. Filing 163-1 at 9-10; filing 163-2 at 2 ("Each Class member shall release any and all wage and hour claims of any kind . . . related in any way to mileage reimbursement . . . including any claims under the FLSA"), filing 163-2 at 3 ("If you do not affirmatively opt out from the Settlement Agreement . . . you will receive a Settlement Award and . . . you release all local, state, and federal wage and hour claims, and related claims . . . . Failure to affirmatively opt out . . . will result in your inclusion in the Settlement Class and the release of all your local and state, and federal wage and hour claims and related claims against Defendant that accrued during the Class Period.").

But no person can be bound by or benefit from an FLSA settlement unless the person has affirmatively opted into the FLSA lawsuit. § 216(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); 7B Wright & Miller, Federal Practice and Procedure § 1807 n.9 (3d ed. 2023) (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)). The parties' settlement cannot release the defendant from any potential liability which might exist under the FLSA for any employee who chose not to opt into the present lawsuit.

The release is, naturally, a "key settlement term." Filing 163 at 5. But the settlement can't extinguish any claims which arise under the FLSA unless class members affirmatively opt in. Neither the parties' settlement nor the proposed notice can be approved by this Court due to the significant deficiencies and misapplication of the law. The Court is obligated to reject the settlement. To obtain Court approval, the parties may renegotiate their agreement and remove the provision releasing the defendant from FLSA liability relating to non-opt-in class members.[1]

Revising the release to comply with the FLSA shouldn't be that big of a deal. The statute of limitations has almost run on the employees' potential claims: The relevant period of this class action is between December 14, 2018, and May 22, 2022, filing 163-2 at 1, and the statute of limitations is two years, 29 U.S.C. § 255(a), meaning most claims will be extinguished by May 22, 2024.[2] While this Court can't predict if the statute may be tolled for non-opt-in class members, such events would be likely limited to "rare and exceptional

---

[1] The Court also notes that the parties did not designate a settlement administrator, filing 163-1 at 7, leaving this Court poorly situated to approve one.

[2] There is no indication that there was a "willful violation" of the FLSA subject to a three-year statute of limitations. *See* § 255(a).

3

circumstances." *See Putman v. Galaxy 1 Marketing, Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 211 n.10 (2d Cir. 2008)). In other words, any additional risk remaining to the defendant from undischarged claims should be minimal.

Having reviewed the settlement, the Court finds the terms are otherwise appropriate for approval. The litigation involves a bona fide dispute and the proposed settlement is fair and equitable to all parties. *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017); *cf. Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). The putative class meets the requirements of Rule 23(a) and (b)(3). The agreement is likely to be approved under Rule 23(e)(2). With the required changes in the settlement and the proposed class notice, the Court is likely to preliminarily approve the parties' agreement for this hybrid collective and class action and proceed to the next stage of the litigation.[3]

The parties have agreed to "confer in good faith to attempt to cure any perceived defects in the Settlement for the purpose of facilitating approval." Filing 163-1 at 17. The Court anticipates such negotiations will result in a lawful settlement that is substantially similar to the present agreement and is fair to all of the parties and class members involved. Accordingly,

---

[3] In similar actions, courts contemporaneously grant final approval of both the FLSA collective action settlement and the class action settlement. *E.g.*, filing 163-26; *McFarlin v. Word Enterprises, LLC*, No. 16-cv-12536, 2020 WL 2745300 (E.D. Mich. May 27, 2020). The Court would prefer to follow that procedure, rather than bifurcating the "final" approval of the same settlement. Accordingly, the parties should file a motion for preliminary approval of settlement as set forth below, and delay any request for final approval of the FLSA settlement until such time the Court can also finally approve the class action settlement.

IT IS ORDERED:

1.   The plaintiff's unopposed motion for certification of a collective and class action for settlement purposes, approval of a collective action settlement, preliminary approval of a class action settlement, approval of notice to putative claimants, and scheduling a hearing for final approval of the class action settlement agreement (filing 162) is denied without prejudice.

2.   The parties' joint motion for a status conference or hearing (filing 165) is denied as moot.

3.   The deadline for the parties to file a motion for preliminary approval of a class action settlement is extended to June 1, 2024.

Dated this 23rd day of April, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge